# HOWARD v. DAWSON.

(135 N. W. 783.)

**Justices of the peace — process — jurisdiction.**

1. A summons in justice court directed the defendant "to appear at my office, in the city, in said county, on the 22d day of July, A. D. 1910, at 10 o'clock, A. M.," omitting to state where in such county the office of the justice

was located. The defendant appeared, on the return day, specially, and objected to the jurisdiction of the justice on the ground that the summons did not state facts sufficient to constitute a cause of action, and moved to dismiss the same. *Held,* that such objection and motion did not go to the jurisdiction of the justice by reason of the omission to state, in the summons, the location of of his office, and that on appeal defendant will be deemed to have waived such defect.

### Justices of the peace — procedure — summons.

2. The action was brought by Carl E. Howard, and the summons states that he claims to recover for services rendered by himself and wife between certain dates. *Held,* that whatever the facts may be as to the cause of action being in part for services of the wife, the statement in the summons was sufficient, and not subject to objection on jurisdictional grounds. *Held,* further, that if the wife was a necessary party plaintiff, an objection to the jurisdiction was not the proper objection to raise the question.

### Justices of the peace — reversal — review.

3. The justice dismissed the action and taxed costs against the plaintiff. On appeal, on questions of law alone, to the county court having increased jurisdiction, the judgment of the justice court was reversed. *Held,* that such judgment was thereby canceled as to the costs taxed against plaintiff.

### Justices of the peace — abuse of discretion — review of decision.

4. On the reversal of the judgment of the justice court by the county court, upon an appeal on questions of law alone, defendant was not entitled of right to time in which to answer. The judge gave him four days. *Held,* that there was no abuse of discretion.

Opinion filed March 27, 1912.

Appeal from an order of the County Court for LaMoure County, *Lynch,* J., overruling a judgment of the justice dismissing an action brought to recover a balance alleged to be due for services rendered by plaintiff and his wife to defendant.

Affirmed.

*M. C. Lasell,* for appellant.

*Davis & Warren,* for respondent.

SPALDING, Ch. J. Plaintiff brought an action in justice court. The summons directed the defendant "to appear at my office, in the city, in said county, on the 22d day of July, A. D. 1910, at 10 o'clock A. M., to answer the complaint of the above-named plaintiff, Carl E. Howard,

who claims to recover of you the sum of $168 and no cents, for services rendered you by plaintiff and his wife from the 18th day of March, 1910, to the 18th day of July, 1910, at the agreed wages of $60 per month, which said sum of $168 is the balance due for services rendered as aforesaid, and which said sum, or any part thereof, has not been paid by you to plaintiff."

On the return day of the summons, defendant appeared before the justice, stating that he "appears especially, and objects to judgment (jurisdiction) of the court on the ground that summons does not state facts sufficient for cause of action," and moved to dismiss. This motion was granted and the action dismissed without prejudice, and judgment entered in favor of defendant for attorneys' fees. Whereupon plaintiff appealed to the county court, having increased jurisdiction, upon questions of law alone. These questions need not be here stated.

The plaintiff submitted a motion in county court that the court consider and determine the questions of law raised on the appeal, and such motion came on regularly to be heard on the 3d day of January, 1911. Whereupon an order was entered in that court overruling the decision and judgment of the justice, and it was further ordered that the action stand for trial at the January, 1911, term of said county court, and that the defendant file therein his answer to the complaint on or before the 7th day of January, 1911. From this order this appeal is taken.

It is very doubtful whether this is an appealable order, but as respondent has not suggested or briefed this we shall not take the trouble to determine it. The complaint filed in justice court alleged a contract for services by the plaintiff to the defendant as a farm foreman and laborer, and the rendition of services amounting to $240 on the contract, and the payment thereon of $72. It will be noted that the only objection made to the jurisdiction was in the form of a general demurrer to the summons. It is, however, now contended for the first time that the justice acquired no jurisdiction, because the summons omitted to state the location of the office of the justice. It gave no township, village, or city. Not having included this defect in his grounds for this motion to dismiss, he must be deemed to have waived it.

The next complaint made is that the summons was defective in one or two things; that it either omitted necessary parties plaintiff or that the facts were insufficient to apprize the defendant of the nature of the

cause of action. It is contended that the statement that it is to recover for wages of the plaintiff and plaintiff's wife goes to show that the plaintiff's wife should have been made a party, or that there should have been some allegation to show that the wages earned by plaintiff's wife had been assigned to plaintiff.

We are unable to discover any merit in this contention. It is not necessary that the summons in justice court should contain a complete statement of the grounds of action or sufficient allegations to serve as a complaint. The complaint is a separate and distinct and more complete statement of the cause of action. It is only necessary that the summons contain sufficient of the cause of action to apprize the defendant of the nature thereof. Rev. Codes 1905, § 8360; 24 Cyc. 318. It in no manner follows, because plaintiff alleged that his claim was for his own and his wife's services, that his wife must be made a party plaintiff, nor was it necessary that he should allege an assignment of any claim by his wife to him. The details as to these matters would be set out in the complaint. However, if the wife was a necessary party, appellant did not take the proper course to take advantage of her omission. If she had no interest in the cause of action, including her name in the statement would be merely surplusage. Defendant was sufficiently informed as to the claim of the plaintiff so he could prepare his defense. The summons contained a general statement of the cause of action. If the plaintiff should, on trial, be unable to sustain any claim for services of his wife, he would fail in his suit to that extent. An examination of the complaint discloses that the allegation complained of in the summons is an appropriate one, in view of the cause of action which the complaint states.

The next complaint is that the county court vacated the judgment for costs in justice court. We know of no law or reason warranting or requiring the payment of costs taxed to the plaintiff in favor of the defendant when an action in justice court is held, on appeal, to have been wrongfully dismissed. The judgment, being reversed, is canceled.

The defendant was not as a matter of right entitled to time in which to answer. Whether he should be given time to do so rested in the sound discretion of the trial court, and we cannot say that the discretion vested in the County Court was abused. The order is affirmed.